[859 NYS2d 888]

In the Matter of WAYNE R. BODOW, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, July 3, 2008

**APPEARANCES OF COUNSEL**

*Anthony J. Gigliotti, Principal Counsel, Fifth Judicial District Grievance Committee,* Syracuse, for petitioner.

*Emil M. Rossi,* Syracuse, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on March 7, 1975, and formerly maintained an office for the practice of law in Syracuse. The Grievance Committee filed a petition charging respondent with acts of misconduct arising from his representation of clients in two bankruptcy matters. Respondent filed an answer admitting the material allegations of the petition and appeared before this Court and submitted matters in mitigation.

Respondent admits that one client suffered financial hardship as a result of his delay in obtaining the Bankruptcy Court's permission for the client to refinance her mortgage. Additionally, he admits that his clients in the other matter were subjected to liability for the cost of demolition of investment property. Respondent admits that the clients had attempted to surrender title to that property during a bankruptcy proceeding and that their liability resulted from his failure to respond promptly to their inquiries and concerns with respect to their responsibility for the payment of taxes on the property. Finally, respondent admits that his failure to respond in a prompt manner to the inquiries of his clients or to address their legal issues adequately was based, in part, on his failure to provide proper supervision for the work of nonlawyers he employed.

We conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 1-104 (c) (22 NYCRR 1200.5 [c])—failing to supervise adequately the work of a nonlawyer employee;

DR 1-104 (d) (2) (22 NYCRR 1200.5 [d] [2])—failing to take reasonable remedial action at a time when the consequences of misconduct by a nonlawyer could have been avoided or mitigated, when he knew or should have known of the misconduct in the exercise of reasonable management or supervisory authority;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him;

DR 7-101 (a) (1) (22 NYCRR 1200.32 [a] [1])—intentionally failing to seek the lawful objectives of a client through reasonably available means permitted by law and the disciplinary rules; and

DR 7-101 (a) (3) (22 NYCRR 1200.32 [a] [3])—intentionally prejudicing or damaging a client during the course of the professional relationship.

We have considered the matters submitted by respondent in mitigation, including his expression of extreme remorse for the misconduct. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured.

LUNN, J.P., FAHEY, GREEN and PINE, JJ., concur.

Order of censure entered.